LILLIAN B. SMITH v. OSCAR O'DEAN AND ANOTHER.[1]

April 20, 1916.

Nos. 19,654—(64).

**Exchange of property — fraud of agent — evidence.**

> The evidence fails to show that the respondent sustained either the relation of principal or partner to the defendant O'Dean at the time the latter made fraudulent representations to plaintiff concerning lots which were accepted in exchange for plaintiff's house and lot so as to create a personal liability in an action for deceit against respondent. The fact that respondent, subsequent to the fraud but without knowledge thereof, acquired an interest in the property plaintiff parted with does not create such liability.

Action in the district court for Hennepin county to recover $1,425. The case was tried before Waite, J., who at the conclusion of the testimony granted the motion of defendant Wagner to dismiss the action as to him, and a jury which returned a verdict for $1,087.85. From an order denying his motion to amend the verdict so as to include defendant Wagner or for a new trial as to defendant Wagner, plaintiff appealed. Affirmed.

G. H. Smith and F. B. Hart, for appellant.
John T. Hughes and Anthony T. Grotte, for respondent Wagner.

HOLT, J.

The bill of exceptions shows that plaintiff listed for sale a house and lot owned by him in Minneapolis with defendant O'Dean, a real estate agent and trader; that thereafter the latter brought to plaintiff one Gunness who claimed to own or control certain vacant lots in Forman, North Dakota, as a prospective trader. O'Dean represented that he had lived in Forman and knew the lots to be well worth $2,400. Plaintiff considered his property worth $3,200, subject to $1,700 incumbrances. Re-

[1]Reported in 157 N. W. 503.

lying upon these representations plaintiff agreed to receive the lots in exchange for his property. For negotiating the trade O'Dean was to be paid $150 by plaintiff. To pay this commission, discharge a small mechanic's lien on the house, and to move his family to another home it was necessary to so arrange the trade that plaintiff could obtain $300 in cash. For this purpose a written agreement was signed by plaintiff and Gunness, according to which plaintiff should take a contract for a deed to the Forman lots and give his notes for $300 due in three years, upon payment of which, with interest and taxes, he should receive the deed, and plaintiff should give Gunness deed and possession to the Minneapolis property within 30 days from the date of the contract upon the payment by Gunness to plaintiff of $300 cash. Before the expiration of the 30 days Gunness delivered to plaintiff a contract for the conveyance of the Forman lots to plaintiff, executed by the party in whose name the legal title stood and conforming strictly to the terms of the written contract referred to, and plaintiff executed and delivered his notes for $300 payable to such third party. At the expiration of the 30 days Gunness and O'Dean came to plaintiff and stated that Gunness was unable to raise the $300 plaintiff was to have. And O'Dean inquired whether plaintiff was willing to have himself and defendant Wagner substituted for Gunness, they to pay $300 and he to convey the house and lot to them. This plaintiff agreed to do in writing. Thereupon $300 was paid; O'Dean got the agreed commission, and the deed was made to O'Dean and Wagner. Wagner testified, without contradiction, that he bought into the deal on the recommendation of Gunness and O'Dean, dealing through the latter, and had no knowledge "about any contract for these lots in Forman, North Dakota, or any other place." No other oral evidence was offered or received showing or tending to show that Wagner had actual notice or knowledge of what preceded his joining O'Dean in the purchase, and except as above stated there was no oral evidence disclaiming knowledge.

This action was brought in behalf of plaintiff to recover damages against O'Dean and Wagner for misrepresenting the character and value of the lots in Forman which plaintiff received. The bill of exceptions indicates that the jury were fully warranted in finding that Gunness was merely a "stool pigeon" for O'Dean and that the latter practiced

deception upon plaintiff to his damage in the amount of the verdict. At the conclusion of the testimony, the court granted a dismissal as to Wagner. Plaintiff duly excepted. The correctness of this ruling is the only question that needs to be determined on this appeal.

Plaintiff insists that O'Dean was Wagner's agent, therefore the latter is bound by O'Dean's misrepresentations; or else that the two were partners and in the partnership business the misrepresentations of one partner makes the individual partners liable, and cites King v. Remington, 36 Minn. 15, 29 N. W. 352, and Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 130 N. W. 1110. The difficulty with plaintiff's theory is that there is no evidence that O'Dean was the agent of Wagner when the false representations were made and the contract for exchange was executed, or that Wagner then or ever had any interest in the lots concerning which the misrepresentations were made, or then knew of or had any intention to become interested with O'Dean as a partner, or otherwise, in the purchase of plaintiff's property. We are not here dealing with an action to rescind for fraud and to recover the property parted with, but one for damages suffered because plaintiff, through false representations, was induced to accept property which was not what it was represented to be. For all that appears Wagner knew neither the parties nor the property until many days after the deceit was practiced and the agreement was made for exchange. It is perfectly patent that, by entering into a partnership, a person does not become personally liable for the previous deceits of other members of the partnership. Likewise one does not become personally bound as a principal for the fraud of another unless such other, at the time of the commission of the fraud, was in fact the agent or ostensible agent of the one sought to be charged. That Wagner, without any knowlege that plaintiff had received any lots in the deal or that any misrepresentations in respect to lots had been made, acquired by a subsequent agreement an interest in the property plaintiff parted with in the trade cannot make him personally liable for the prior wrong doings of O'Dean.

We perceive no ground for disturbing the ruling of the trial court.

Affirmed.